**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **LORENZO MICHAEL SOLOMON,** | * | |
| | * | |
| *Petitioner*, | * | |
| | * | Criminal No. RWT-11-0199 |
| v. | * | Civil No. RWT-15-3641 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| *Respondent*. | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence ("§ 2255 Motion"). ECF No. 168. For the reasons discussed

below, the Court will deny the Motion.

**1. Background Facts**

On April 6, 2011, a grand jury indicted Petitioner for (1) conspiracy to possess with

intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 846, and (2) attempted

possession with intent to distribute 500 grams or more of cocaine under 21 U.S.C. §§ 846, 841(a)

and 18 U.S.C. § 2. ECF No. 1. On January 9, 2013, a grand jury issued a superseding

indictment to include conspiracy to import 500 grams or more of cocaine under 21 U.S.C. § 963

and importation of 500 grams or more of cocaine under 21 U.S.C. §§ 960(a)(1), 952(a) and

18 U.S.C. § 2. ECF No. 75.

On March 15, 2013, a jury found Petitioner guilty on all counts. ECF No. 127. The

Court sentenced him to 188 months imprisonment on each count to run concurrently, followed

by four years of supervised release.[1]  ECF No. 139.  Petitioner appealed to the Court of Appeals for the Fourth Circuit, which affirmed his conviction on August 18, 2014.  ECF No. 163. Petitioner timely filed his § 2255 Motion on November 24, 2015.[2]  ECF No. 168.  That same day, Petitioner also filed a Motion for an Extension of Time to File a Memorandum of Law in Support of § 2255 Motion.  ECF No. 169.

The Court granted Petitioner's Motion for an Extension of Time (ECF No. 170), but Petitioner failed to file anything on or before the deadline of February 15, 2016.  On March 1, 2016, the Court ordered the United States to respond to Petitioner's § 2255 Motion within 60 days of the date of the Order, and allowed Petitioner to reply within 28 days of the United States' response.  ECF No. 171.  The Government filed its timely Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255. ECF No. 173.  Petitioner never filed a reply.

## 2.  Analysis

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."   28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  *See* § 2255; *Miller*, 261 F.2d at 547.

---

[1] Petitioner's sentence of imprisonment was ultimately reduced to 151 months as a result of Amendment 782 to the U.S. Sentencing Guidelines.  ECF No. 180.
[2] The "mail box rule" applies to § 2255 motions.  *Houston v. Lack*, 487 U.S. 266 (1988).  Therefore, the relevant date is when Solomon mailed his § 2255 Motion, which was November 16, 2015.  ECF No. 168.

Petitioner asserts that his trial counsel did not provide effective representation under the Sixth Amendment. ECF No. 168. He asserts that his counsel (1) failed to call exculpatory witnesses, (2) failed to object to the admission of evidence, (3) failed to challenge a defective indictment, and (4) failed to challenge incorrect sentencing guideline calculations. *Id.* None of Petitioner's claims has legal merit.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland*, 466 U.S. at 687. Under the "performance" prong, the alleged deficiency must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Under the "prejudice" prong, the alleged deficiency must have prejudiced the defendant, and, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. A petitioner must meet the requirements under both prongs to prevail. *Id.* at 669.

A. ***Petitioner's Claim of Ineffective Assistance for Not Calling an Exculpatory Witness Fails Because He Cannot Establish Deficient Performance or Prejudice.***

The following is Petitioner's entire argument asserting that his trial counsel constitutionally erred by not calling an exculpatory witness:

> Counsel was ineffective for failing to call favorable witness at defendant's trial. Counsel informed the court that a witness located in St. Vincent is available to

testify about the moneys [sic] received for business. But counsel failed to call the witness at trial.

ECF No. 168 at 4. Petitioner does not identify who his counsel should have called to testify. The only thing that Petitioner tells us is there was a witness in St. Vincent who could have testified to receiving money for business. *Id.* Given the negligible amount of information that Petitioner has supplied, the Court is unable to conclude that his counsel's performance was deficient. *Strickland*, 466 U.S. at 687. The Court cannot find, furthermore, that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 689.

In its Opposition, the United States assumed that Petitioner was referring to Cynthia Wilson-Richards ("Wilson"), a woman from St. Vincent who was discussed at trial and sentencing. ECF No. 173 at 4. As the United States points out, the record does show that Petitioner's counsel filed a subpoena and involved the U.S. Marshal Service to ensure Wilson was available to testify. ECF No. 149 at 12. That Petitioner's counsel did not ultimately call her to testify, however, is a well-recognized tactical decision presumably made at the discretion of counsel. *See Strickland*, 466 U.S. at 689 (noting that counsel must have a wide latitude in making tactical decisions); *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) ("[T]he decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference.") (internal quotations omitted). Therefore, if Petitioner was referring to his counsel not calling Wilson in his argument, his counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even if Petitioner did show that his counsel performed deficiently, he still has not shown that he was prejudiced by it under *Strickland*. *Id.* at 691–92. Without providing the Court with

4

any facts regarding who should have been called to testify and what that person would have said, the Court cannot conclude that any other outcome would have likely occurred. Accordingly, Petitioner's first ground of ineffective assistance of counsel has no legal basis.

**B. Petitioner's Claim of Ineffective Assistance for Not Objecting to the Admission of Evidence Fails Because He Cannot Establish Deficient Performance or Prejudice.**

The following is Petitioner's entire argument asserting that his trial counsel constitutionally erred by not objecting to the admission of evidence:

> Counsel failed to timely object to a number of errorneous [sic] evidence or properly cross-examine the same. Counsel failed to object admission of co-conspirator statements in violation of Rule 801(d)(2)(e) and Sixth Amendment Confrontation Clause. He failed to conduct an effective cross-examination of Ronnie George with available impeachment evidence. Counsel failed to challange [sic] the erroneous admission of testimony of co-conspirators.

ECF No. 168 at 5. Petitioner does not identify to what evidence his counsel should have objected, what impeachment evidence his counsel should have used against Ronnie George, and what testimony from co-conspirators his counsel should have challenged. Given the bare bones information supplied, the Court is again unable to conclude that the performance of Petitioner's counsel was deficient. *Strickland*, 466 U.S. at 687.

The United States assumed that Petitioner was referring to the testimony of his co-defendant, Ronnie George. ECF No. 173 at 5-6. But as noted in the United States' Opposition, George testified at trial. *Id.* As such, he was subject to cross-examination and therefore Petitioner's Sixth Amendment right "to be confronted with the witnesses against him" was not violated. U.S. Const. amend. VI; *see Crawford v. Washington*, 541 U.S. 36, 61 (2004). Furthermore, without specifying to which statements his counsel should have objected, Petitioner has not demonstrated that the admission of any statement violated Federal Rule of Evidence 801(d)(2)(E).

5

Even if Petitioner did show that his counsel performed deficiently, he still has not shown that he was prejudiced by it under *Strickland*. *Strickland*, 466 U.S. at 691-92. Without identifying for the Court to what evidence his counsel should have objected, what impeachment evidence his counsel should have used against Ronnie George, and what testimony from co-conspirators his counsel should have challenged, the Court cannot determine whether the outcome of the trial would have been different. Accordingly, Petitioner's second ground for ineffective assistance of counsel has no legal basis.

### C. *Petitioner's Claim of Ineffective Assistance for Not Challenging a Defective Indictment Fails Because He Cannot Establish Deficient Performance or Prejudice.*

The following is Petitioner's entire argument asserting that his trial counsel constitutionally erred by not challenging a defective indictment:

> Defendant was charged for conspiracy, Attempt and Aiding & Abetting an offense in the same count and was duplicitious [sic] to other counts. Since the conduct for charges was the same as alleged, the resulting punishment violates the Double Jeopardy clause of the Fifth Amendment.

ECF No. 168 at 7. A duplicitous count contains two or more distinct and separate offenses in a single count. *United States v. Kamalu*, 298 F. App'x. 251, 254 (4th Cir. 2008). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *Id.* Contrary to Petitioner's argument, each count contains a separate offense. In Count One, Petitioner was charged with conspiring to distribute cocaine. ECF No. 75 at 1. In Count Two, Petitioner was charged with attempting to possess cocaine with the intent to distribute. *Id.* at 2. In Count Three, Petitioner was charged with conspiring to import cocaine. *Id.* at 3. In Count Four, Petitioner was charged with importing cocaine. *Id.* at 4. The indictment was not duplicitous.

If Petitioner really meant to say that the charges were multiplicitous, he failed to show that as well. A multiplicitous charging instrument charges a single offense in two or more counts. *United States v. Goodine*, 400 F.3d 202, 207–08 (4th Cir. 2005). A defendant cannot be punished for the two or more counts because that would mean the defendant was being punished for the single offense numerous times, in violation of the Double Jeopardy Clause. *United States v. Nielsen*, 640 F. App'x. 224, 229 (4th Cir. 2016).

To determine whether the indictment violates the Double Jeopardy Clause, the Court follows the *Blockburger* test. *Id.* at 230. Under *Blockburger*, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *United States v. Martin*, 523 F.3d 281, 291 (4th Cir. 2008) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Here, it is clear that each count "requires proof of an additional fact which the other does not." *Martin*, 523 F.3d at 291. Count One under 21 U.S.C § 846 and Count Three under 21 U.S.C. § 963 both charged Petitioner with conspiracy, but Count One charged Petitioner with conspiracy *to distribute* cocaine while Count Three charged Petitioner with conspiracy *to import* cocaine. ECF No. 75. Likewise, Count Two under 21 U.S.C. § 841(a) charged Petitioner with *attempting to possess* cocaine with the *intent to distribute it*, while Count Four under 21 U.S.C. §§ 960(a)(1), 952(a) charged Petitioner with *importing* cocaine. ECF No. 75. Conspiracy to distribute, conspiracy to import, attempting to possess with intent to distribute, and importing each requires proof of an additional fact that the others do not. ECF No. 119.

Again, in addition to Petitioner's failure to demonstrate that his counsel performed deficiently by not challenging the indictment, Petitioner has failed to assert any facts that the

alleged deficiency actually prejudiced him. Accordingly, his third ground for ineffective

assistance of counsel has no legal basis.

### D. *Petitioner's Claim of Ineffective Assistance for Not Challenging Incorrect Sentencing Guidelines Calculations Fails Because He Cannot Establish Deficient Performance or Prejudice.*

The following is Petitioner's entire argument that his trial counsel constitutionally erred

by failing to challenge an incorrect sentencing guidelines calculation:

> Defendant's sentence was calculated based on a number of erroneous assumptions. The drug quantities were incorrectly calculated based on moneys [sic] sent for business expenses and were not part of relevant conduct of the time alleged in the offenses. Defendant's sentence was also incorrectly increased based on allegation of him being a "leader or organizer" when the guidelines do not allow such an enhancement based on a simple reading. A two-level enhancement under 2D1.1(b)(14)(D) was also incorrectly applied.

ECF No. 168 at 8. As noted in the United States' Opposition, Petitioner's counsel did raise these

objections in his sentencing letter to the Court, and at Petitioner's sentencing hearing.

ECF No. 173 at 8–9; ECF No. 133; ECF No. 149 at 11–20, 32–36. Considering trial counsel's

affirmative objections and Petitioner's failure to state any facts showing actual prejudice,

Petitioner cannot prevail under this claim. *Strickland*, 466 U.S. at 687. Accordingly, his fourth

ground for ineffective assistance of counsel has no legal basis.

### 3. Certificate of Appealability

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a

certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A

certificate of appealability will not issue unless Petitioner has made a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012); *Hardy*, 227 F. App'x at 273. "A

prisoner satisfies this standard by demonstrating that reasonable jurists would find that any

assessment of the constitutional claims by the district court is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

The Court has assessed Petitioner's § 2255 Motion and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

## 4. Conclusion

Based on the foregoing, the Court finds that Petitioner's § 2255 Motion fails to state a claim that satisfies the *Strickland* two-prong test establishing ineffective assistance of counsel. Accordingly, it is, this 14th day of February, 2018, by the United States District Court for the District of Maryland hereby

**ORDERED**, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 168) is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT ISSUE**; and it is further

**ORDERED**, that the Clerk is directed **TO MAIL** a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby directed **TO CLOSE** Civil Action No. RWT-15-3641.

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
